IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| MELISSA MALEDY, )<br>)<br>   Plaintiff, )<br>) CIVIL ACTION NO.<br>   v. ) 1:10cv254-MHT<br>) (WO)<br>STEVEN HICKS, et al., )<br>)<br>   Defendants. ) | |

ORDER

It is ORDERED that defendants' motion to dismiss (Doc. No. 10) is granted with leave to plaintiff to file, within seven days, an amended complaint setting forth the jurisdictional basis of this court.

Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction. Therefore, to invoke the jurisdiction of such courts a complaint must affirmatively allege the statutory basis for the jurisdiction.  See, e.g., Kirkland Masonry v. Commissioner of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980).  Plaintiff's complaint fails to do this.

Plaintiff alleges that the court has jurisdiction in accordance with 42 U.S.C. § 1983. However, § 1983 is not a jurisdictional statute. See <u>Harris v. McDonald's Corp.</u>, 901 F.Supp. 1552, 1557 (M.D. Fla. 1995) (Kovachevich, J.) ("[Section] 1983 itself is not a jurisdictional statute. It merely creates a private remedy for violation of civil rights under the Constitution or other federal laws which might otherwise be unavailable.").

DONE, this the 31st day of March, 2011.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**