IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


MELISSA MALEDY,              )
                             )
      Plaintiff,             )
                             )        CIVIL ACTION NO.
      v.                     )        1:10cv254-MHT
                             )            (WO)
CITY OF ENTERPRISE, et al.,  )
                             )
      Defendants.            )

OPINION

Plaintiff Melissa Maledy, a former city revenue clerk, brings this lawsuit against the following defendants: the City of Enterprise, Alabama; City Clerk and Treasurer Steven Hicks; City Mayor Kenneth Boswell; and City Councilors William Cooper, Tommy Johnson, Jr., Kirk Donaldson, Wallace Miller, Jr., and Paul Russell. The plaintiff claims that the city and all the individual defendants (in both their individual and official capacities) violated her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-54, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d).  She further

claims that the city and all the individual defendants (again in both their individual and official capacities) violated her due-process rights and her federal "right to privacy" under the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983. Jurisdiction is proper pursuant to, among other provisions, 28 U.S.C. § 1331 (federal question).

Now before the court are motions to dismiss filed by all defendants, who argue, as to all claims, that the plaintiff has failed to state a claim against them upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). The defendants also contend that her two statutory claims and her "right to privacy" claim are barred by the statute of limitations. For the reasons set forth below, the court grants the motions to dismiss.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss filed pursuant to Rule 12(b)(6), the court accepts the

plaintiff's allegations as true and construes the complaint in the plaintiff's favor. <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993). Generally, to survive a motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain "detailed factual allegations," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), but rather "only enough facts to state a claim to relief that is plausible on its face," <u>id</u>. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 556.

## II. BACKGROUND

The relevant facts as alleged by the plaintiff are as follows.  On May 1, 2007, the plaintiff was charged with driving under the influence (DUI).  The next day, her husband called defendant Hicks and confidentially told him about the plaintiff's DUI charge.  The plaintiff also called Hicks to inform him of the DUI charge and notify him that she would be seeking medical help for alcoholism and drug addiction.

Between May 3 and 18, 2007, the plaintiff was admitted to a rehabilitation facility for substance abuse.  During this time, she was absent from work.  The plaintiff subsequently completed an out-patient rehabilitation program that required attendance every night after work for a period of four weeks.

Approximately ten months later, on March 4, 2008, Hicks issued a letter to the plaintiff giving her notice that she would be terminated.  In the letter, Hicks stated:

"As you know, I have been required to conduct several internal investigations related to your conduct. The most recent incident concerned your conviction for DUI. You were placed on leave without pay while I considered what disciplinary action should be given.

"Based on the totality of circumstances surrounding this matter and previous multiple counseling, it is my conclusion that you have committed the following violations:

- acts during or outside of duty hours which are incompatible with public service

- other acts that would be considered inappropriate and/or non-conducive to a safe and productive work environment for City employees

Based on these findings, it is my recommendation that your employment with the City of Enterprise be terminated."

Compl. Ex. A, Doc. No. 1-1. The letter also informed the plaintiff that she had a right to address these charges at a pre-disciplinary hearing before Hicks and that she could file subsequent appeals to the mayor as well as to

the city council.    The plaintiff's final appeal was denied by the city council on October 24, 2008.

On March 22, 2010, the plaintiff filed this lawsuit. Her original complaint alleged two counts against the individual defendants in both their individual and official capacities.  She charged that the procedures Hicks used to notify her that the city intended to terminate her, as well as the procedures Hicks used to terminate her, violated her due-process rights.   Her original complaint also alleged that the defendants violated her constitutional "right to privacy."   She charged that she had informed Hicks that she had a substance-abuse problem that would require her to spend time in rehabilitation.  According to the plaintiff, she was led to believe that this information would be held in absolute confidence and that, upon her return to work, she discovered that her coworkers knew about her rehabilitation stay.  The plaintiff claimed that Hicks

6

must have told her coworkers about her rehabilitation stay.

The plaintiff amended her complaint on April 22, 2011. Her amended complaint adds the City of Enterprise as a defendant and alleges two new statutory claims: violations of the FMLA and the EPA. Specifically, the plaintiff asserts that her termination was in retaliation for her two weeks of substance-abuse treatment. She further alleges that, upon her return from substance abuse treatment, the defendants failed to restore her to her old position. As to the EPA violation, she alleges that she made considerably less salary than her male counterparts. The amended complaint reasserts her constitutional claims. However, the amended complaint omits any reference as to who disclosed the plaintiff's confidential information; unlike the original complaint, the amended complaint does not allege that Hicks disclosed her substance-abuse problem.

### III. DISCUSSION

**A.  Constitutional Claims**

Although the plaintiff's complaint is not clear as to the constitutional bases for the relief sought, the court discerns two theories for recovery: first, a 'procedural' due-process claim predicated on inadequate notice; and, second, a 'substantive' due-process claim predicated on an alleged violation of her right to privacy in her confidential medical information.  The defendants seek dismissal on a number of grounds, but the court need address only their argument that the amended complaint fails to plead sufficient facts to satisfy Fed.R.Civ.P. 8's plausibility standard.

**1.  Procedural Due Process**

The plaintiff asserts a procedural due-process claim under the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property,

8

without due process of law." U.S. Const. Amend. XIV,
§ 1. "Procedural due process imposes constraints on
governmental decisions which deprive individuals of ...
'property' interests within the meaning of the ...
Fourteenth Amendment." Mathews v. Eldridge, 424 U.S.
319, 332 (1976). Analysis of procedural due-process
claims requires a dual inquiry: "Did the plaintiff have
a property interest of which he was deprived by state
action? If so, did the plaintiff receive sufficient
process regarding that deprivation?" Ross v. Clayton
County, 173 F.3d 1305, 1307 (11th Cir. 1999). Under this
framework, the plaintiff's complaint must plausibly
allege two elements: (1) that she had a property interest
in her position as a revenue officer with the city; and
(2) that she did not receive sufficient process regarding
the deprivation of this property interest.

As to the plaintiff's property interest, a "public
employee has a property interest in employment if
'existing rules or understandings that stem from an

independent source such as state law create a legitimate claim of entitlement.'" <u>Id</u>. (quoting <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577-78 (1972)). State statutes, rules, and regulations, as well as local ordinances and mutually explicit understandings, may create property interests. <u>See</u> <u>Bishop v. Wood</u>, 426 U.S. 341, 344 (1976); <u>Ross</u>, 173 F.3d at 1307.  The sufficiency of any claim of entitlement, however, "must be decided by reference to state law." <u>Bishop</u>, 426 U.S. at 344.  An entitlement may be supported by a mutually explicit understanding with the employer; a unilateral expectation of continued employment is insufficient.  <u>Id</u>. at 345-47.

Here, the mere fact that the plaintiff was employed by the City of Enterprise is not enough to establish that she had a property interest in her position.  She, however, asserts that the defendants' actions violated the city's employee handbook.  Under Alabama law, an employee's at-will status may be altered when "the language contained in a[n] [employee] handbook can be

sufficient to constitute an offer to create a binding unilateral contract" between the employee and employer. Hoffman-La Roche, Inc. v. Campbell, 512 So. 2d 725, 735 (Ala. 1987).  In Hoffman-La Roche, the Alabama Supreme Court explained:

> "The existence of such a contract is determined by applying the following analysis to the facts of each case: First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer.  Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise.  Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration."

Id.  "'An employer's general statements of policy are no more than that and do not meet the contractual requirements for an offer.'" Harper v. Winston County, 892 So. 2d 346, 351 (Ala. 2004) (quoting Hoffman-La Roche, 512 So. 2d at 731).  Further, "[i]f the employer reserves in the employee handbook the right to change policies unilaterally, its reservation operates as a

11

disclaimer to negate any inference that the handbook constitutes an enforceable contract." Id.

In interpreting Alabama law on whether language in handbooks can create a property interest, the Eleventh Circuit Court of Appeals has stated that, "It is on the substantive restrictions on the employer's discretion to discharge, rather than on the procedural protections provided, that the existence of a property interest is based." Green v. City of Hamilton Hous. Auth., 937 F.2d 1561, 1565 n.2 (11th Cir. 1991). See also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) ("'Property' cannot be defined by the procedures provided for its deprivation.") (emphasis added).

The plaintiff's complaint fails to establish that language in the city's employee handbook was "sufficient to constitute an offer to create a binding unilateral contract" between the city and the plaintiff. Hoffman-La Roche, 512 So. 2d at 735. The complaint also fails to show that the handbook created an obligation of good

12

faith and fair dealing or that the handbook contained "substantive restrictions on the employer's discretion to discharge." <u>Green</u>, 937 F.2d at 1565 n.2.  Further, her complaint does not establish a property interest through some other method, such as by reference to a statute or local ordinance.  In short, the plaintiff's cursory reference to the handbook does not establish that she had a property interest in her job.

Consequently, the plaintiff has failed to plead a crucial element of her claim: the basis for her property interest.  (Moreover, even assuming she had a property interest, the plaintiff has failed to allege that this property was taken without adequate process.)  Because the plaintiff has failed to plead a Fourteenth Amendment procedural due-process claim, this claim will be dismissed against all defendants.

## 2. Right to Privacy

The plaintiff also asserts a substantive due-process claim under the Fourteenth Amendment predicated on an alleged violation of her right to privacy.[1]

"[T]he Supreme Court has recognized two types of interests protected by the right to privacy." Padgett v. Donald, 401 F.3d 1273, 1280 (11th Cir. 2005). "First, the right to privacy guards an individual's interest in avoiding disclosure of certain personal matters." Id. Courts in this circuit refer to this interest as the "right to confidentiality." Plante v. Gonzalez, 575 F.2d 1119, 1132 (5th Cir. 1978).[2] "Second, it protects an individual's personal autonomy in making certain important decisions, such as those involving marriage,

---

1. It does not appear from the amended complaint that the plaintiff is alleging a state claim of invasion of privacy under Alabama law. See Johnston v. Fuller, 706 So. 2d 700 (Ala. 1997).

2. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

14

contraception, and procreation." <u>Padgett</u>, 401 F.3d at 1280.

The plaintiff's claim is predicated on the first strand of the right to privacy: her interest "in avoiding <u>disclosure</u> of certain personal matters." <u>Id</u>. (emphasis added).  Her complaint, however, does not contain factual allegations against any individual defendant.  Her factual allegation is as follows: "While this hearing was confidential with her supervisor, Defendant(s) Steven Hicks, everyone at City Hall and the city government in Enterprise, Alabama knew about her addiction/alcohol problems."  Am. Compl., Doc. No. 20, ¶ 23. Significantly, the plaintiff does not allege that any individual defendant, or the city itself, <u>disclosed</u> her confidential medical information.  She merely states that other individuals found out about her substance-abuse problem; she does not identify the source of the information.  Her reference to meeting with Hicks stops

short of alleging that he was the person who actually leaked her confidential medical information.[3]

In the absence of an allegation of disclosure by a defendant, the court need not address the metes and bounds of a right to privacy in confidential medical information. See Harris v. Thigpen, 941 F.2d 1495, 1513 n.26 (11th Cir. 1991) (explaining that the scope of the "right to privacy in preventing the non-consensual disclosure of one's medical condition" is "far from settled"). Because the plaintiff does not provide a factual allegation as to which defendant, if any, disclosed her confidential medical information, she has failed to plead an essential element of her right to privacy claim.

_____

3. While not dispositive, the court notes that the plaintiff's amended complaint differs substantially from her original complaint in this respect. The original complaint alleged that Hicks disclosed her confidential medical information. Compl., Doc. No. 1, at 5 ("Since she had only told the Defendant, Steven Hicks, in his capacity of being her supervisor, Plaintiff contends that the Defendant, Steven Hicks, violated her right to privacy while acting under the color of state or territorial law as a municipal employee.").

16

B.   **FMLA**

The plaintiff asserts two interrelated FMLA claims. First, she claims alleges that, after returning from her FMLA-protected leave (her two-week stay in the substance-abuse program), the defendants did not restore her to her old position.  Second, she claims that she was terminated ten months later in retaliation for taking medical leave.

The defendants respond that the plaintiff's FMLA claims are barred under the statute of limitations.  The FMLA provides that an action must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1).  If an employer's violation was willful, the statute of limitations is extended to three years.  Id. § 2617(c)(2).

The court construes the plaintiff's amended complaint as alleging a willful violation.  Am. Compl., Doc. No. 20, ¶ 24 ("Defendant(s) unlawful conduct was committed

17

with malice or reckless indifference to the federally
protected rights of the Plaintiff."). <u>See</u> <u>also</u> <u>Edwards</u>
<u>v. Ford Motor Co.</u>, 179 F. Supp. 2d 714, 719 (W.D. Ky.
2001) (Heyburn, J.) ("Federal courts do recognize that a
general averment as to willfulness is sufficient to
trigger the [FMLA's] three-year statute of
limitations."); Fed. R. Civ. P. 9(b) ("Malice, intent,
knowledge, and other conditions of a person's mind may be
alleged generally.").

Here, the "last event" for statute-of-limitations
purposes was the plaintiff's termination on March 4,
2008. <u>Urrutia v. BNSF Railway Co.</u>, 2010 WL 4259246, *4-5
(W.D. Wash. Oct. 22, 2010) (Martinez, J.) (concluding
under the FMLA that termination date, not date when
appeals ended, was "last event"). <u>Cf</u>. <u>Delaware State</u>
<u>College v. Ricks</u>, 449 U.S. 250, 259 (1980) (holding that
statute of limitations periods for claims under Title VII
of the Civil Rights Act of 1964, as amended (42 U.S.C.
§§ 1981a, 2000e to 2000e-17), and the Civil Rights Act of

18

1866 (42 U.S.C. § 1981) commenced when professor's tenure was denied not when his appeals process ended).  The plaintiff's FMLA claims were first raised in her amended complaint on April 22, 2011.  Because she filed her amended complaint over three years after her termination, her FMLA claims are barred unless they "relates back" to her original complaint filed on March 22, 2010.

"'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).  Under Fed.R.Civ.P. 15(c)(1)(B), an "amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."[4]

---

4.  Because the plaintiff's amended complaint added the City of Enterprise as a defendant, she also needs to satisfy Rule 15(c)(1)(C)'s notice requirements for

(continued...)

"Congress intended Rule 15(c) to be used for a relatively narrow purpose.... [W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." <u>Dean v. United States</u>, 278 F.3d 1218, 1221 (11th Cir. 2002). The "'critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted.'" <u>Marko Capital of America, Inc. v. UBS AG</u>, 543 F.3d 1254, 1260 (11th Cir. 2008) (quoting <u>Davenport</u>, 217 F.3d at 1345 n.8).

The plaintiff's original complaint focused exclusively on the defendants' termination procedures and the disclosure of her confidential medical information. The facts presented in the original complaint were

_____

(...continued)
"relation back" of amendments to any new defendant. The court does not reach this issue as it concludes that the plaintiff's amendments do not relate back under Rule 15(c)(1)(B).

targeted to those claims.  Given this background, the
defendants lacked notice of the plaintiff's FMLA claims
for two reasons.

First, the original complaint does not mention the
plaintiff's being demoted following her two-week stay at
the rehabilitation center.  This claim raises distinct
legal considerations under the FMLA and necessitates
additional factual inquiries into what positions the
plaintiff had before and after her FMLA leave.

Second, the original complaint challenged the
adequacy of the defendants' termination procedures,
specifically with regards to notice.  By contrast, the
plaintiff's FMLA claims relate to the underline substantive reasons
for her termination.  A retaliation claim under the FMLA
goes to the motive behind the plaintiff's termination,
not the notice she was given.

The court finds Moore v. Baker, 989 F.2d 1129 (11th
Cir. 1993), instructive.  There, a plaintiff's original
complaint brought a claim against a surgeon for lack of

informed consent.   The plaintiff's amended complaint alleged negligence during the surgery and post-operative care.   <u>Id</u>. at 1131.   The Eleventh Circuit Court of Appeals held that the amendment did not "relate back" because the "alleged acts of negligence occurred at different times and involved separate and distinct conduct.   In order to recover on the negligence claim contained in her amended complaint, [plaintiff] would have to prove completely different facts than would otherwise have been required to recover on the informed consent claim in the original complaint."   <u>Id</u>. at 1132. Similarly, the plaintiff here would have to prove "completely different facts" to establish either of her FMLA claims as compared to her constitutional claims. The plaintiff would have to prove facts related to her demotion as well as the defendants' motive in terminating her.

Because the plaintiff's FMLA claims do not "relate back" to the original complaint, these claims are barred by the statute of limitations.

C.   EPA

For similar reasons, the plaintiff's EPA claim fails. Like the FMLA, the EPA has a two-year statute of limitations for most claims and a three-year statute of limitations for willful violations.   See 29 U.S.C. § 255(a); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) ("[T]he FLSA's statute of limitations and liquidated damages provisions apply to EPA claims.").   As with the plaintiff's FMLA claims, the court construes the amended complaint in her favor as alleging a willful violation.

"Sex-based, discriminatory wage payments constitute a continuing violation of the Equal Pay Act." Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050 (5th Cir. 1973). Accordingly, "each paycheck represents a fresh violation

23

commencing a separate limitations period." <u>Morris v.</u>
<u>Wallace Cmty. College-Selma</u>, 125 F. Supp. 2d 1315, 1341
(S.D. Ala. 2001) (Vollmer. J).

The plaintiff's limitations period commenced upon her
last paycheck.   However, she was terminated on March 4,
2008, and Hicks's letter makes clear that the plaintiff
had been on leave without pay pending a disciplinary
investigation. Compl. Ex. A, Doc. No. 1-1. Because the
plaintiff's amended complaint was filed on April 22,
2011, it is past the three-year statute of limitations
period for a willful EPA claim. (The plaintiff's amended
complaint is deficient of allegations to counter the
picture the amended complaint paints that the EPA claim
is time-barred. Indeed, in the brief the plaintiff filed
in opposition to the dismissal motions, she does not
suggest that there is evidence, or even possible
evidence, that would support a further amendment to the
complaint to allege that her last pay check fell within
the limitations period.)

Like her FMLA claims, the plaintiff's untimely EPA claim may be saved if it "relates back" to the original complaint, which was filed on March 22, 2010.  The original complaint focused exclusively on the plaintiff's alcoholism and the defendants' termination procedures and alleged disclosure of confidential medical information. It does not refer to any gender discrimination or pay gap.  Thus, the defendants were not on notice that any of the plaintiff's allegations related to gender discrimination or wages; nor were defendants on notice that any type of wage comparison would be necessary in this litigation.

Because "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts," the plaintiff's EPA claim must be dismissed as untimely. Dean, 278 F.3d at 1221.

\* \* \*

25

Accordingly, for the above reasons, the defendants' motions to dismiss will be granted and this lawsuit dismissed. As appropriate judgment will entered.

DONE, this the 26th day of March, 2012.


        /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**